## FRATERNAL ORDER OF POLICE, LODGE NO. 5 and Michael McDaniels, Appellants,

### v.

## CITY OF PHILADELPHIA.

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.

Decided April 14, 1998.

Publication Ordered May 5, 1998.

Charles E. Dennis, Sr., Philadelphia, for appellants.

Karen Yvette Simmons, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Lodge 5 of the Fraternal Order of Police (FOP) appeals from a decision of the Court of Common Pleas of Philadelphia County affirming the Arbitration Award which had denied the reinstatement of Michael McDaniels to his position as a Philadelphia Police Officer.

On the afternoon of October 22, 1992, police officers responded to a radio call of a disturbance at 1436 North 62nd Street in Philadelphia, the residence of McDaniels' mother-in-law. As a result of marital difficulties, Regina McDaniels, Officer McDaniels' wife, was also residing at this residence along with their two daughters. McDaniels, who was off duty at that time, arrived at the residence at approximately 2:30 p.m. and became involved in a verbal dispute with Regina McDaniels. This dispute escalated into a physical confrontation, which resulted in Regina McDaniels requiring medical treatment

for a broken thumb and contusions to her ribs and knee. On October 23, 1992, McDaniels was arrested and charged with aggravated assault, simple assault and recklessly endangering another person. On October 23, 1992, McDaniels received formal notice from the Police Department that he was being suspended for thirty days with the intention of being dismissed. On November 20, 1992, McDaniels received a notice of dismissal signed by the Police Commissioner.

The FOP filed a contract grievance with the Police Department, contending that the Police Commissioner lacked just cause to suspend and then dismiss McDaniels. The dispute was heard before Arbitrator Lewis R. Amis. Arbitrator Amis, in an Arbitration Award dated February 24, 1997, found that there was just cause for the suspension and dismissal of McDaniels and denied the grievance. On March 26, 1997, the FOP filed a petition with the Court of Common Pleas of Philadelphia County, seeking to vacate Arbitrator Amis' award. The trial court affirmed the arbitrator's award. This appeal followed.

On appeal, the FOP argues that the trial court applied an incorrect scope of review in affirming the arbitrator's award. The FOP also contends that the arbitrator exceeded his authority by finding that there was just cause to terminate McDaniels.

■ Our review of grievance arbitration awards issued under the authority of Act 111 [1] is limited to questions concerning: (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995). As such, we are unable to disturb an arbitrator's decision unless the decision is tainted under one of the above criteria.

■ The FOP contends the trial court committed reversible error because that court applied the incorrect scope of review to this case. The trial court applied the "essence test" and held that the arbitrator's decision rested on the credibility of the wit-

nesses, of which the arbitrator found McDaniels' former wife, Regina, more credible. The trial court stated:

> The arbitrator stated on the record that his decision hung on the credibility of the witnesses. The arbitrator chose to believe the ex-wife. The arbitrator was in the best position to assess the credibility of the witnesses and it is not a function of this court to second guess him. The 'essence test' mandates judicial deference if the arbitrator's interpretation of the collective bargaining agreement can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention.

(Trial Court's Opinion at 2; Reproduced Record (R.R.) at 66a.) Because the "essence test" scope of review is broader than the narrow certiorari scope of review and because, even under the more expansive analysis, the FOP was unable to prevail, we hold that the trial court's application of the "essence test" to this case represents harmless error.

■ The FOP's second argument is that the arbitrator exceeded his authority by finding just cause for McDaniels' dismissal. In reviewing the issue of whether the trial court committed reversible error in not vacating the arbitrator's award because that award exceeded his authority, the law in this Commonwealth is clear. As we stated in *Betancourt*: "An arbitrator's powers are limited. He or she may not mandate that an illegal act be carried out; he or she may only require a public employer to do that which the employer could do voluntarily." *Betancourt*, 540 Pa. at 79, 656 A.2d at 90. In this case, the Police Department had the authority to dismiss McDaniels for just cause. Following an investigation by the Internal Affairs Division, the Police Commissioner determined that McDaniels' actions, in assaulting his wife, constituted just cause for a dismissal. The fact that the arbitrator agreed with the Police Commissioner, and not the FOP, does not constitute an abuse of discretion on the part of the arbitrator. Be-

---

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. § 217.1–10.

cause the Police Department had the authority to dismiss McDaniels, the arbitrator was acting within his authority when he issued an award supporting McDaniels' dismissal by the Police Department.

Order affirmed.

### ORDER

NOW, April 14, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.